FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-0225
_____

PUBLIC COUNSEL EX REL.
CITIZENS OF FLORIDA,

    Petitioner,

    v.

FLORIDA PUBLIC SERVICE
COMMISSION and PLURIS
WEDGEFIELD, LLC,

    Respondents.

_____


Petition for Review of Action of the Florida Public Service
Commission—Original Jurisdiction.


May 22, 2024

ON MOTION FOR CLARIFICATION OR REHEARING

TANENBAUM, J.

The court grants the parties' motions, withdraws its prior order of dismissal docketed March 27, 2024, and submits the following in its place.

The public counsel seeks judicial review of action of the Florida Public Service Commission. It was filed as a petition for review of non-final agency action under section 120.68(1)(a), Florida Statutes, but section 350.128(1), Florida Statutes, more

specifically states that this court "shall, *upon petition*, review *any* [] action of the commission" other than action "relating to rates or service of utilities providing electric, gas, or telephone service." (emphasis supplied); *but cf.* § 120.68(2)(a), Fla. Stat. ("Judicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law. All proceedings shall be instituted by filing a *notice of appeal or petition for review* in accordance with the Florida Rules of Appellate Procedure within 30 days after the rendition of the order being appealed." (emphasis supplied)); *see* ch. 96-159, § 35, at 202, Laws of Fla. (rewording section 120.68 to provide for either "notice of appeal" or "petition for review," rather than simply by petition). Subsections two through four of section 350.128 also clearly contemplate procedures for review that are specific to action of the commission (yet not found in section 120.68). Our authority to review administrative action is cabined by what the Legislature provides. *See* Art. V, § 4(b)(2), Fla. Const. ("District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law.").[*] We in turn treat the petition as one seeking review of action of the Florida Public Service Commission under section 350.128.

That stated, the public counsel now has filed a notice of voluntary dismissal under Florida Rule of Appellate Procedure 9.350(b). The petition, in turn, is dismissed. The court denies as moot the motion to hold this case in abeyance.

DISMISSED.

LEWIS and B.L. THOMAS, JJ., concur.

---

[*] We suggest that the Appellate Court Rules Committee consider revisions to Florida Rules of Appellate Procedure 9.030(b), 9.100(c), 9.110(c), and 9.190(b)–(c) to address the specific nature of review directed by section 350.128, Florida Statutes.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Walt L Trierweiler and Charles John Rehwinkel, Public Counsel, and Octavio Simoes-Ponce, Associate Public Counsel, Tallahassee, for Petitioner.

Keith Hetrick, Daniel Joseph McNeal Dose, Jennifer Susan Crawford, Samantha M Cibula, Douglas Derek Sunshine, Tallahassee, for Respondent Public Service Commission.

Martin Scott Friedman, Dean Mead, Orlando; David Clifford Ashburn, Greenberg Traurig, Tallahassee; and Michael G. Cooke, Greenberg Traurig, Tampa; for Respondent Pluris Wedgefield, LLC.